UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL J. OLSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CAUSE NO. 1:12-CV-34-RLM-RBC |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ATTORNEY GENERAL E. HOLDER, ) | |
| ) | |
| DEFENDANTS. ) | |

## OPINION and ORDER

This matter is before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(5) for insufficient service of process, and Rule 12(b)(6) for failure to state a claim upon which relief may be granted, filed by the United States of America and Attorney General Eric Holder (collectively United States). The United States alternatively requests summary judgment. Plaintiff Michael J. Olson didn't respond to the United States' motion, and the time period for a response has expired.

### I. BACKGROUND

Mr. Olson is a disabled veteran who has received a monthly disability benefit from the Department of Veterans Affairs since 1992. He was deemed financially incompetent in 1998, and his mother was initially appointed as his payee. In 2004, his mother requested that she be removed as payee, and Mr. Olson's wife replaced her until March 2010 when the VA conducted an

investigation and removed Mrs. Olson as her husband's payee. Mr. Olson says his wife's removal was inappropriate. Greenfield Bank was appointed Mr. Olson's payee until July 2010 when the VA decided Mr. Olson was financially competent. Mr. Olson claims his accounts were mismanaged and many of his bills became delinquent during the period of time when Greenfield Bank was his payee.

Mr. Olson's claims can be summarized as follows: (1) the VA violated his Fifth Amendment due process rights because the agency didn't have an appeal process for negligent and discretionary decisions regarding competence, (2) the VA's actions from 2008 to 2010 weren't needed because Mr. Olson had no financial difficulty during those years and the restrictions imposed amounted to a violation of his property rights under the Fourth Amendment, (3) the VA discriminated against him based on his disability, which was a violation of his Twelfth Amendment right to fair and equal consideration, and (4) the VA's decisions about Mr. Olson's financial competence were negligent under 28 U.S.C. § 2672.

Mr. Olson seeks damages of $1 million. Because he is representing himself, the court construes his complaint liberally, and his failure to request equitable relief doesn't prevent the court from construing his complaint as seeking both monetary and equitable relief. Czerkies v. U.S. Dep't of Labor, 73 F.3d 1435, 1438 (7th Cir. 1996). Equitable relief wouldn't be helpful because more than a year before Mr. Olson filed his complaint, the VA reversed its finding on his financial competence, consequently removing the paid fiduciary

and restoring to Mr. Olson the power to control his own financial affairs. Equitable relief, such as a new hearing regarding his competency or the appropriate fiduciary appointment, wouldn't benefit Mr. Olson, so the court will construe his complaint to seek only monetary damages.

II. STANDARD

The court must first address the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Winslow v. Walters, 815 F.2d 1114, 1116 (7th Cir. 1987). To evaluate jurisdiction, the court takes all facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995) (citing Rueth v. U.S. Environmental Protection Agency, 13 F.3d 227, 229 (7th Cir. 1993)). If necessary, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Id. (quoting Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993) (per curiam)).

Because the court concludes that it doesn't have jurisdiction to consider Mr. Olson's claims, the court needn't address the United States' request for dismissal under Rule 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim upon which relief may be granted or alternatively for summary judgment. See Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998) ("It is axiomatic that a federal court must assure itself that it

possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action.").

### III. Constitutional Claims

#### A. Fifth Amendment

Mr. Olson claims the lack of an appeal process for the VA's decisions about his financial competence violated his Fifth Amendment due process rights. Mr. Olson references the VA's discretionary decisions in general, but doesn't specify the decisions he believes violated his due process rights. The court will address the two VA decisions that are central to Mr. Olson's complaint: the VA's determination that he was incompetent and the VA's decision to remove his wife as his payee and appoint a paid fiduciary as her replacement.

*The VA's Decisions*

One interpretation of Mr. Olson's claim is that the decisions at issue denied him due process of law, but this court doesn't have jurisdiction to determine whether a veteran is financially competent to handle his or her affairs or whether a fiduciary should be appointed or removed. Sovereign immunity – the principle that the government can't be sued – bars an individual's right to sue the United States unless Congress has provided a specific right to sue under the circumstances. Michigan v. U.S. Army Corps Of Engineers, 667 F.3d 765, 774 (7th Cir. 2011) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)). If the government hasn't waived its immunity, a district court

doesn't have authority or power to decide a case brought against the United States. Id. Mr. Olson hasn't alleged or argued that the government waived its immunity with respect to veteran benefit claims.

Congress created a specific procedure for judicial review for veteran's claims disputing a VA benefits decision. Under 38 U.S.C. § 511, the Secretary of Veterans Affairs has exclusive jurisdiction over decisions regarding a veteran's benefits, subject to a review process outlined in 38 U.S.C. §§ 7251-7299. First, within one year of the benefits decision, the veteran may appeal to the Board of Veterans' Appeals (38 U.S.C. §§ 7104-7105). The veteran can then appeal the Board's decision to the Court of Appeals for Veterans Claims (38 U.S.C. § 7252), followed by an appeal to the Court of Appeals for the Federal Circuit (38 U.S.C. § 7292). See Ramnarain v. U.S. Veterans Admin., No. 11 Civ. 4988, 2012 WL 1041664, at *1 (E.D.N.Y. Mar. 28, 2012).

This court agrees with the courts that have found the question of whether a veteran is financially competent to be a benefits decision under 38 U.S.C. § 511(a), so judicial review is limited to the procedures outlined in the statute. See Id.; Judkins v. Veterans Admin., 415 F. Supp. 2d 613 (E.D.N.C. 2005); Carney v. G.I. Jane, No. Civ.A. B-03-173, 2005 WL 2277490 (S.D. Tex. Sept. 16, 2005). This court therefore doesn't have jurisdiction over the determination of Mr. Olson's financial competence or to review the VA's determination of his financial competence.

In Freeman v. Shinseki, the Court of Appeals for Veterans Claims decided that the VA's decision to appoint a fiduciary for financially incompetent

veterans is a benefits decision under 38 U.S.C. § 511(a) and so is subject to the review process outlined in the statute. 24 Vet. App. 404, 417 (Vet. App. 2011). This court doesn't have jurisdiction to review the VA's decision to remove Mr. Olson's wife as his payee or the decision to appoint a paid fiduciary.

*The VA's Procedure*

Another interpretation of Mr. Olson's claim is that he was denied due process by the VA's proceedings regarding his financial competence and the appointment and/or removal of a fiduciary. A district court has jurisdiction over challenges under the Due Process Clause of the Fifth Amendment to the procedures used by the VA in making such decisions. Marozsan v. United States, 852 F.2d 1469, 1473-1474 (7th Cir. 1988) (citing Johnson v. Robison, 415 U.S. 361 (1974)). "When the issue is 'not whether the Administrator's decision granting or denying benefits in a particular case was right or wrong, but rather whether the Administrator had acted consistently with his grant of authority or had exceeded his authority and acted in violation of veterans' rights guaranteed by the fifth amendment,' [§ 511(a)] does not apply." Marozsan v. United States, 852 F.2d at 1472 (quoting Arnolds v. Veterans' Admin., 507 F. Supp. 128, 130-131 (N.D. Ill. 1981)).

This argument would be appropriate if Mr. Olson were seeking equitable relief, such as a new hearing regarding his financial competence or the removal or appointment of a fiduciary. *See* Czerkies v. U.S. Dep't of Labor, 73 F.3d 1435, 1439 (7th Cir. 1996) (door closing statutes do not bar constitutional claims if the claimant only requests "a new hearing or other process rather

than a direct award of money"); Marozsan v. United States, 852 F.2d at 1472 (emphasizing that the claimant demanded equitable, not monetary, relief). Mr. Olson only seeks monetary relief, and because the VA has decided he is financially competent and removed the paid fiduciary, Mr. Olson wouldn't benefit from equitable relief. See Czerkies v. U.S. Dep't of Labor, 73 F.3d at 1442 ("[A] conclusion that the claimant had been denied due process of law . . . would entitle him only to a fair procedure for adjudicating his claim to benefits.").

Mr. Olson had the chance to challenge the VA's decision that he was financially incompetent through the review process outlined in the statute. See Mosher v. Shinseki, No. 09-0133, 2010 WL 764075, at *2 (Vet. App. Mar. 8, 2010) ("A finding of incompetency by the Board is reviewed by the Court [of Appeals for Veterans Claims] under the 'clearly erroneous' standard of review."). Mr. Olson's disagreement with the VA's decisions about his financial competence is more appropriately classified as a challenge to a VA benefits decision than to the VA's procedures and due process concerns, leaving this court without jurisdiction to consider the claim. Czerkies v. U.S. Dep't of Labor, 73 F.3d at 1439 ("[C]ourts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms.") (quoting Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994)).

Mr. Olson's objection to the lack of an appeal process for the VA's decisions regarding fiduciaries seems to be well founded. In 2011, the Court of

Appeals for Veterans Claims determined that VA decisions to appoint a fiduciary for financially incompetent veterans are benefits decisions under 38 U.S.C. § 511(a) and accordingly are subject to review by the Board of Veterans' Appeals. Freeman v. Shinseki, 24 Vet. App. at 417. The veteran may then appeal to the Court of Appeals for Veterans Claims, which has exclusive jurisdiction to review Board decisions. Id. at 414. Although the Court of Appeals for Veterans Claims downplayed case law that seemed to eliminate judicial review of VA decisions regarding the appointment of fiduciaries, Id. at 411-412, Freeman essentially opened up these decisions to judicial review for the first time, absent extraordinary circumstances. *See* Browder v. Nicholson, 23 Vet. App. 334, 2007 WL 956934 (Vet. App. Feb. 23, 2007) (Veteran's petition for extraordinary relief in the nature of a writ of mandamus contesting the appointment of his fiduciaries was denied because the court did not have jurisdiction to review decisions that were within the sole discretion of the VA.).

The events that form the basis of Mr. Olson's complaint all occurred in 2010, before the Freeman decision, leaving Mr. Olson unable to seek Board of Veterans' Appeals or judicial review of the VA's decision to remove his wife as his payee and to appoint a paid fiduciary to manage his financial affairs. The court sympathizes with Mr. Olson's frustration, but the court would only be able to grant Mr. Olson equitable relief, such as a new hearing, on his due process claim. Because Mr. Olson wouldn't benefit from equitable relief at this point and he seeks only monetary damages, the court doesn't have jurisdiction to consider his claim.

Mr. Olson's complaint mentions several examples of what he believed to be the mismanagement of his accounts by the paid fiduciary. To the extent Mr. Olson intended to include these facts in his arguments, the court doesn't have jurisdiction to consider such claims. Complaints about VA-appointed paid fiduciary fraud, misconduct, or misuse of funds must be submitted to the VA Office of Inspector General. Garcia v. Shinseki, No. 11-1924, 2011 WL 4448186, at *4 (Vet. App. Sept. 27, 2011). If the Office of Inspector General determines the complaint is valid, the United States Attorney's Office may prosecute the claim. Id. (citing Inspector General Act of 1978, 5 U.S.C. app. 3 §§ 2, 4).

The form complaint Mr. Olson filed is titled "42 U.S.C. § 1983," but that statute isn't mentioned elsewhere in the document. Section 1983 applies to the deprivation of federal rights by a person acting under the color of state law. Case v. Milewski, 327 F.3d 564, 566 (7th Cir. 2003) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). Mr. Olson names as defendants the United States and United States Attorney General E. Holder. A section 1983 claim might be appropriate against federal actors if they acted under the color of state law. Case v. Milewski, 327 F.3d at 567. The actions central to the complaint -- VA agency decisions -- were taken by a federal, not state, agency and were based on federal, not state, law, so Mr. Olson's claims don't establish a basis for relief under 42 U.S.C. § 1983.

B. Fourth Amendment & Twelfth Amendment

-9-

Mr. Olson alleges that the VA violated his Fourth Amendment property rights and his Twelfth Amendment right to fair and equal consideration. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and describes the constitutional requirements for a valid warrant. U.S. CONST. amend. IV. The Twelfth Amendment outlines the process used to elect the president and vice-president of the United States. U.S. CONST. amend. XII. The facts in the complaint provide no basis for a claim under either amendment.

## I. NEGLIGENCE CLAIM

Mr. Olson alleges that the VA's decisions about his financial competence were negligent and claims 28 U.S.C. § 2672 provides relief for injuries caused by the government's negligent use of discretionary power. Section 2672 permits federal agencies to "consider, ascertain, adjust, determine, compromise, and settle" claims brought under the Federal Tort Claims Act (FTCA). The VA denied Mr. Olson's federal tort claim and the time for section 2672 to apply to his claim has passed. The court reads Mr. Olson's complaint as asserting a federal tort claim for negligence against the United States under the FTCA. 28 U.S.C. § 1346.

Mr. Olson didn't attach any exhibits to his complaint, but copies of three documents filed by the United States with their motion establish that Mr.

Olson exhausted his administrative remedies in a timely manner,[1] which is a requirement under the FTCA before filing suit in district court. *See* 28 U.S.C. §§ 2675, 2401. The court can review evidence submitted with the motion to dismiss when evaluating whether it has subject matter jurisdiction. Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995).

Even though Mr. Olson exhausted his administrative remedies within the statutory time period to bring an FTCA claim, this court nevertheless lacks subject matter jurisdiction to consider his negligence claim. Under the FTCA: District courts

> shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346. The statutory review process for veteran benefits decisions trumps the FTCA's grant of jurisdiction. 38 U.S.C. § 511 gives the Secretary of Veterans Affairs exclusive jurisdiction over decisions regarding a veteran's benefits. The statute further outlines the appropriate appeal path for disagreement with those decisions first to the Board of Veterans' Appeals (38

---

[1] The government's evidence shows that Mr. Olson filed a Standard Form 95 Claim for Damage, Injury, or Death with the VA's Indianapolis Regional Counsel Office in May 2010. The claim focused on VA Field Agent Nancy Grabman's conduct regarding the removal of Mr. Olson's wife as payee and Mr. Olson's attempts to establish his competence. The claim was denied on September 20, 2010. Mr. Olson filed a request for reconsideration with the VA's Washington D.C. Office of General Counsel. The request was denied on September 30, 2011. Mr. Olson commenced the present suit on February 2, 2012. Def.'s Mem. Exs. 2-4.

U.S.C. § 7104-7105), then to the Court of Appeals for Veterans Claims (38 U.S.C. § 7252), followed by appeal to the Court of Appeals for the Federal Circuit (38 U.S.C. § 7292). *See* Ramnarain v. U.S. Veterans Admin., 2012 WL 1041664, at *1. This specific review process applies to all claims disputing a veteran's benefits decision, regardless of the label or form of the claim. *See* Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996) ("We examine the substance of these allegations, rather than the plaintiff's labels, to determine their true nature. Without exception, they seek review of actions taken in connection with the denial of [the veteran's] administrative claim for benefits. They are, in substance, nothing more than a challenge to the underlying benefits decision.") (citation omitted).

Mr. Olson's negligence claim is at its heart a disagreement with a benefits decision – the VA's determination that he was financially incompetent. Mr. Olson contends the Social Security Administration is a similar administrative agency to the VA in that it distributes funds to beneficiaries and has a duty to protect the assets it distributes. He points out that the Social Security Administration didn't assign a fiduciary to manage his funds. Mr. Olson also emphasizes that the State of Indiana found him competent to adopt a child during the time the VA classified him as financially incompetent. Mr. Olson argues that in light of the fact that society found him competent, the VA's decision that he was financially incompetent was clearly negligent.

Much like a disagreement with a benefits decision cloaked in constitutional terms, Czerkies v. U.S. Dep't of Labor, 73 F.3d at 1439, Mr.

Olson's negligence claim is a disagreement with a benefits decision cloaked in FTCA terms. This court lacks subject matter jurisdiction to review the VA's determination that Mr. Olson was financially incompetent. *See* Marozsan v. United States, 852 F.2d at 1473 n.10 ("We unequivocally held in *Winslow* [*v. Walters*, 815 F.2d 1114, 1117 (7th Cir. 1987)] that [§ 511(a)] 'clearly deprives a federal court of the power to alter determinations made by the V.A. regarding disability ratings and entitlements to benefits.'").

## II. CONCLUSION

The court does not have jurisdiction to review Mr. Olson's various claims disputing the VA's decisions regarding his financial competence, the removal of his wife as his payee, and the appointment of a paid fiduciary. The court GRANTS the United States' motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 10) and so need not address the merits of its motion to dismiss under Rule 12(b)(5) or Rule 12(b)(6) or its alternative request for summary judgment. The clerk is directed to enter judgment for the defendants.

SO ORDERED.

ENTERED:  November 6, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court